UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE WEIDNER, III,

    Plaintiff,

v.                                                Case No: 8:21-cv-673-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff George Weidner, III seeks judicial review of the denial of his claims for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI). As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A.  Procedural Background

Plaintiff filed applications for a period of disability, DIB, and SSI on April 25, 2016. (Tr. 210–24.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 79–98, 101–28, 131–32, 133–38, 144–53.) Plaintiff then requested an administrative hearing. (Tr. 154–55.) Upon Plaintiff's request, the ALJ held a hearing on May 14, 2018, at which Plaintiff appeared and testified. (Tr. 29–55.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff

not disabled and accordingly denied Plaintiff's claims for benefits. (2018 ALJ Decision, Tr. 12–28.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–11.) Plaintiff then timely filed a complaint with this court. (Tr. 470–73); *see Weidner, III v. Saul*, No. 8:19-cv-01539-EAK-TGW (M.D. Fla. filed June 25, 2019), ECF No. 1. The court granted the Commissioner's unopposed motion to remand and remanded the case with instructions for "further administrative consideration pursuant to sentence four of 42 U.S.C. 405(g)." (Tr. 474.)

On remand, the Appeals Council vacated the 2018 ALJ Decision, and remanded the case to an ALJ to resolve issues regarding the testimony of the vocational expert (VE) relied upon by the first ALJ in rendering the 2018 ALJ Decision. (Tr. 498–99.) The Appeals Council directed the new ALJ as follows:

> [u]pon remand the Administrative Law Judge will [o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rulings 83-14 and 96-9p). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 [C.F.R. §§] 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Tr. 499.) The Appeals Council also noted that Plaintiff had filed a subsequent claim for DIB on July 26, 2019, and directed the ALJ to consolidate the claims, "associate

the evidence, and issue a new decision on the consolidated claims." (Tr. 499.) Finally, the Appeals Council directed the ALJ to "offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (Tr. 499.)

Following remand, the ALJ conducted a hearing on June 11, 2020, but at the request of Plaintiff, the hearing was rescheduled without any substantive testimony. (Tr. 439–46.) The ALJ conducted another hearing on September 24, 2022. (Tr. 401–38.) Both Plaintiff and a VE provided testimony during the second hearing. (Tr. 401–38.) During the hearing, the ALJ explained that the VE had provided testimony "specifically address[ing]" the "issues that the Appeals Council asked to be addressed" on remand. (Tr. 433.) Following this hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and again denying Plaintiff's claims for benefits. (2020 ALJ Decision, Tr. 380–400.) Plaintiff then filed a timely complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1975, claimed disability beginning on February 1, 2016. (Tr. 217, 223.) Plaintiff has a high school education, attended some college courses, and has past relevant work experience as a customer service representative, provider phone representative, quality assurance, and senior time record clerk. (Tr. 242–43, 410–11, 626–27.) Plaintiff alleged disability due to asthma, depression, bi-

polar, social anxiety, obesity, learning disability, pilonidal cyst, memory loss, and high blood pressure. (Tr. 241.)

In rendering the 2020 ALJ Decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since February 1, 2016, the alleged onset date. (Tr. 386.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: asthma, obesity, bipolar disorder, anxiety with resultant hand tremors, and depression. (Tr. 386.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 386–88.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> occasionally climb ladders, ropes, or scaffolds and frequently climb ramps and stairs. He must avoid concentrated exposure to fumes, odors, dusts, gases and pulmonary irritants. He must avoid concentrated exposure to hazards, such as moving mechanical parts and unexpected heights. He can frequently handle bilaterally. He can frequently interact with supervisors and co-workers but can no more than occasionally interact with the public.

(Tr. 388.)

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to cause the alleged symptoms, Plaintiff's statements as to the intensity, persistence, and limiting effects of

- 4 -

his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 390.)

At the hearing, the VE testified that the duties described in Plaintiff's record and testimony regarding his past relevant work history were consistent with those of an insurance clerk, a reservation or travel clerk, a payroll clerk, and a customer service representative or service investigator. (Tr. 427–28.) Given Plaintiff's background and RFC, the VE testified that Plaintiff would be able to perform past relevant work as a payroll clerk. (Tr. 429–30.) The VE also testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a marker, folder, and mail clerk. (Tr. 430.) Considering Plaintiff's noted impairments and the testimony of the VE, the ALJ determined that Plaintiff is capable of performing past relevant work as a payroll clerk, and alternatively that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 391–93.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 393.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental

- 5 -

impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff raises a single challenge to the 2020 ALJ Decision, arguing that pursuant to the law-of-the-case doctrine and the rule of mandate, it was error for the ALJ to change the RFC findings from the 2018 ALJ Decision without new and material evidence to justify the change or a sufficient explanation as to why the RFC

findings changed. (Dkt. 21.) Plaintiff argues that because the court remanded the 2018 ALJ Decision with instructions only for new vocational testimony, "deference should have been afforded the [2018 ALJ Decision] unless there was new and material evidence that supported a different finding and the [2020 ALJ Decision] explained . . . why this new and material evidence supported different findings." (*Id.* at 9.) For the reasons that follow, Plaintiff's contentions do not warrant reversal.

"[U]nder the law of the case doctrine, an appellate court's findings of fact and conclusions of law are binding in all subsequent proceedings in the same case, whether in the trial court or on a later appeal." *Zuniga v. Comm'r of Soc. Sec.*, 772 F. App'x 870, 871 (11th Cir. 2019) (citing *This That & the Other Gift & Tobacco, Inc. v. Cobb Cty.*, 439 F.3d 1275, 1283 (11th Cir. 2006)). The law-of-the-case doctrine precludes courts "from revisiting issues that were already decided, including issues decided explicitly or by necessary implication." *Mendez v. Saul*, No. 8:19-cv-713-T-AEP, 2020 WL 5088339, at *3 (M.D. Fla. Aug. 28, 2020), *aff'd sub nom. Mendez v. Comm'r of Soc. Sec.*, No. 20-14026, 2021 WL 3163765 (11th Cir. July 27, 2021) (citing *Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802 (11th Cir. 2019)). The mandate rule is a specific application of the law-of-the-case doctrine, and requires a lower court on remand to comply with "the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *In re Checking Acct. Overdraft Litig.*, 754 F.3d 1290, 1296 (11th Cir. 2014) (internal quotation omitted).

In rendering the 2018 ALJ Decision and the 2020 ALJ Decision, the ALJs reached different determinations regarding Plaintiff's RFC. For example, the 2018

ALJ Decision included a determination that Plaintiff had the RFC "to perform sedentary work . . . requiring no more than frequent balancing . . . no more than frequent handling of objects, that is, gross manipulation . . . [and limited to] routine and repetitive tasks in a work environment, involving only simple-work-related decisions with few, if any changes." (Tr. 19.) In rendering the 2020 ALJ Decision after remand, the ALJ determined that Plaintiff had the RFC to "perform light work . . . except he can occasionally climb ladders, ropes, or scaffolds and frequently climb ramps and stairs . . . can frequently handle bilaterally [and] can frequently interact with supervisors and co-workers but can no more than occasionally interact with the public." (Tr. 388.) Plaintiff argues that pursuant to the law-of-the-case doctrine and the mandate rule, it was error for the ALJ to reconsider Plaintiff's RFC in the 2020 ALJ Decision, without new and material evidence to justify that reconsideration. (Dkt. 21 at 6–10.)

In response, the Commissioner argues that, in issuing the 2020 ALJ Decision, the ALJ was not required to adopt the RFC of the previously vacated 2018 ALJ Decision (Dkt. 22 at 5), and further that the remand orders did not require the ALJ to adopt those findings. (*Id.* at 6–7 (citing Tr. 474–75, *id.* at 6–7 (citing Tr. 474–75, 98–99).) The Commissioner further argues that barring the ALJ from revaluating Plaintiff's RFC on remand would be contrary to governing regulations, and the ALJ was not required to explain his reasoning for reaching a different RFC in the 2020 ALJ Decision. (*Id.* at 8–9.) The court agrees with the Commissioner.

The Eleventh Circuit has recently addressed the law-of-the-case doctrine and mandate rule. *See Mendez*, 2021 WL 3163765; *Maxwell*, 778 F. App'x 800; *Alicea v. Comm'r of Soc. Sec.*, 855 F. App'x 494 (11th Cir. 2021); *Zuniga*, 772 F. App'x 870. The undersigned finds these opinions persuasive. 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.")

In *Mendez*, the plaintiff argued that the ALJ violated the law-of-the-case doctrine and the mandate rule by reconsidering her RFC on remand. 2021 WL 3163765, at *1. The Eleventh Circuit affirmed the district court's order affirming the Commissioner's denial of benefits, and in doing so, concluded that because the prior ALJ's decision "was vacated by the Appeals Council, it no longer has any legal effect" and "the ALJ did not err [in reconsidering plaintiff's RFC] because there was no law of the case regarding [her] RFC." *Id.* at *3 (citing *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (stating that vacated decisions "are officially gone" and "have no legal effect whatever")). Further, "[n]either the remand order nor the Appeals Council's order prohibited the ALJ from revisiting the prior findings, so the fact that the ALJ did so is not inconsistent with those orders." *Id.*

In *Maxwell*, after the district court remanded noting "confusing" discrepancies in the ALJ's analysis, the plaintiff argued on appeal that the ALJ exceeded the scope of the remand because the district court had remanded only for the ALJ to determine "her capacity to reach, not her manipulation abilities." 778 F. App'x at 801–02. The Eleventh Circuit disagreed and found that the district court had "made no finding,

expressly or impliedly, regarding the ALJ's manipulation determination—except that it was 'confusing' and may have been improperly conflated with the reaching determination." *Id.* at 802–03. Thus, because the district court had not made an explicit or implicit finding as to that issue, "there was no law of the case regarding manipulation" and the ALJ had complied with the "letter and spirit" of the district court's order on remand. *Id.* at 803 (citation omitted).

Likewise, in *Alicea*, the plaintiff argued on appeal that the ALJ had exceeded the scope of the remand order by reformulating her RFC to not include a finding that she was "limited to performing simple, routine, repetitive job tasks." 855 F. App'x at 496. The Eleventh Circuit disagreed. "[B]ecause the Appeals Council had vacated the [prior decision], the ALJ was not bound by the earlier RFC formulation." *Id.* The court further examined the remand order and rejected the plaintiff's argument that it contained a substantive limitation for the ALJ to not reconsider her RFC. *Id.* at 497. The Eleventh Circuit found that the district court's finding that it could not determine whether the prior decision was supported by substantial evidence was "independent from whether [the plaintiff] can perform only simple, routine, repetitive job tasks" as part of her RFC, and in its remand order, "the district court did not rule on that issue by necessary implication." *Id.* "As a result, neither the law-of-the-case doctrine nor the mandate rule barred the ALJ from formulating an RFC that did not include a simple, routine, and repetitive job task limitation." *Id.*

Finally, in *Zuniga*, the plaintiff argued that the ALJ erred in changing his RFC on remand in violation of the law-of-the-case doctrine, the mandate rule, and *res*

*judicata*. 772 F. App'x at 781. The Eleventh Circuit rejected these arguments, explaining that "a vacated opinion or order is 'officially gone,' and therefore cannot provide a basis for the three doctrines" upon which the plaintiff relied. *Id.* The court further explained that the vacated ALJ decision was "void" and the findings of the ALJ in the vacated opinion had no legal effect whatsoever. *Id.* (citing *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1290 (11th Cir. 2002), *United States v. M.C.C. of Fla., Inc.*, 967 F.2d 1559, 1561 (11th Cir. 1992), and *Quarles v. Sager*, 687 F.2d 344, 346 (11th Cir. 1982)). The court concluded that because the Appeals Council had vacated the first ALJ's decision, "that opinion was stripped of its binding effect" and the second ALJ was "not required to abide by [the] prior RFC finding on remand." *Zuniga*, 772 F. App'x at 871.

Here, Plaintiff argues that the law-of-the-case doctrine and mandate rule precluded the ALJ from reconsidering his RFC in the 2020 ALJ Decision and asks the court to reverse and remand that decision with instructions for the ALJ to "comply with the order of the Appeals Council dated January 4, 2020, utilizing the same residual functional capacity findings in the [2018 ALJ Decision] . . . ." (Dkt. 21 at 11–12.) Upon review of both the district court's and the Appeals Council's remand orders, Plaintiff's contentions do not warrant reversal.

As in *Mendez*, *Maxwell*, *Alicea*, and *Zuniga*, the Appeals Council's remand order here vacated the 2018 ALJ Decision. (Dkt. 498 ("The Appeals Council hereby vacates the final decision of the Commissioner . . .").) Therefore, the 2018 ALJ Decision was void and had no binding effect on the subsequent ALJ's RFC determination. *Zuniga*,

F. App'x at 871; *Alicea*, 855 F. App'x at 496 ("As we explained in *Zuniga*, when the Appeals Council vacates an ALJ decision, that decision is stripped of any binding effect."); *Maxwell*, 778 F. App'x at 803 (finding no error where ALJ made new RFC findings on remand). "Because the Appeals Council vacated" the 2018 ALJ Decision" it was "stripped of its binding effect," and "the ALJ was not required to abide by [the] prior RFC finding on remand." *Zuniga*, 772 F. App'x at 871.

Plaintiff cites no authority for the proposition that an ALJ violates the law-of-the-case doctrine and mandate rule by failing to provide sufficient "indication in the decision that the [ALJ] found that there was new and material evidence which would warrant changing the [RFC] findings of the prior ALJ." (Dkt. 21 at 8.) This court has similarly found none. Indeed, following a federal court remand, "the ALJ may consider any issues relating to the claim, regardless of whether they were raised in earlier administrative proceedings." *Mendez*, 2021 WL 3163765, at *2 (citing 20 C.F.R. §§ 404.983, 416.1483). "An ALJ may take any additional action that is 'not inconsistent' with the Appeals Council's order implementing the district court's remand order." *Id*. (citing 20 C.F.R. §§ 404.983, 404.977(b), 416.1483, 416.1477(b)). Further, the Eleventh Circuit has noted that different ALJs "may weigh the same evidence differently, and 'there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions.'" *Id*. at *3 (quoting *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015)). The Appeals Council vacated the 2018 ALJ Decision, therefore the ALJ was not required to provide a sufficient "indication" in the 2020

ALJ Decision to "warrant" a change in Plaintiff's RFC determination. *See Battle v. Comm'r of Soc. Sec.*, No. 2:20-cv-96-NPM, 2021 WL 1207757, at *6 (M.D. Fla. Mar. 31, 2021) (finding "no legal authority that requires the ALJ to explain why he did not abide by the findings in a vacated prior decision").

Plaintiff also argues that in rendering the 2020 ALJ Decision, the ALJ exceeded the mandate of the Appeals Council's remand order by reconsidering Plaintiff's RFC, and posits that the Appeals Council's remand was only for "vocational testimony," and thus required the subsequent ALJ to adopt the RFC determination from the 2018 ALJ Decision. (Dkt. 21 at 9.) The mandate rule requires a lower court on remand to comply with "the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *In re Checking Acct. Overdraft Litig.*, 754 F.3d at 1296. An argument "is rejected by necessary implication when the holding stated or result reached is inconsistent with the argument." *Alicea*, 855 F. App'x at 496 (quoting *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005)).

Here, the court finds that neither the district court's nor the Appeals Council's remand orders make explicit or implicit findings with respect to Plaintiff's RFC such that the subsequent ALJ would be bound to accept the determination from the 2018 ALJ Decision. In its remand order, the district court provided no substantive discussion beyond noting that the Commissioner had moved, without objection from Plaintiff, to remand the case, and remanded the case to the Commissioner "for further administrative consideration pursuant to sentence four of 42 U.S.C. [§] 405(g)." (Tr. 475.) In contrast, the Appeals Council's order provided additional context and

instruction to the ALJ, and even referenced Plaintiff's RFC from the 2018 ALJ Decision. Specifically, after vacating the 2018 ALJ Decision, the Appeals Council remanded the case "for resolution of the following issue:"

> The step five finding is not supported by substantial evidence. The residual functional capacity assessment indicates that the claimant can "perform simple work, defined in the DOT as SVP 1 and 2, routine and repetitive tasks in a work environment involving only simple work-related decisions, with few, if any, changes" (Decision, page 5). However, review of the Dictionary of Occupational Titles (DOT) indicates that all of the jobs identified by the vocational expert require a reasoning level of 3 (see, 249.587-018, 209.567-014, and 237-367-014). Pursuant to the DOT, reasoning level 3 jobs require the ability to carry out instructions furnished in written, oral or diagrammatic form and deal with problems with several concrete variables. Although the Agency does not rely on GED reasoning levels to conclude whether a claimant can perform a particular occupation, such levels should still be considered to ensure there are no conflicts between a residual functional capacity finding and occupations listed at Step 5 (20 [C.F.R. §§] 404.1564 and 416.964; Question and Answer 09-026, Rev 1). Nonetheless, the Administrative Law Judge did not reconcile the inconsistencies between the testimony from the vocational expert and the information available in the DOT as required under Social Security Ruling 00-4p. Accordingly, further consideration is needed.

(Tr. 498.)

Nothing in this mandate explicitly or implicitly finds that the RFC determination in the 2018 ALJ Decision was supported by substantial evidence, nor directs that the subsequent ALJ must accept or cannot disturb that determination. Indeed, the remand instructions make clear that the subsequent ALJ was not bound by the RFC findings from the 2018 ALJ Decision. Specifically, the Appeals Council directed the ALJ on remand to, in relevant part:

> [o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security

> Rulings 83-14 and 96-9p). The hypothetical questions should reflect the specific capacity/limitations *established by the record as a whole*.

(Tr. 499 (emphasis added).) In light of Plaintiff's subsequent claim for disability benefits filed on July 26, 2019, the Appeals Council further directed the ALJ to "consolidate [Plaintiff's] claims files, associate the evidence, and issue a new decision on the consolidated claims." (Tr. 499.) The Appeals Council further directed the ALJ to "offer [Plaintiff] the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (Tr. 499.)[1] Notably, in these instructions, the ALJ was instructed to issue a new decision based on evidence that could not have been before the ALJ in rendering the 2018 ALJ Decision, namely the consolidated file including Plaintiff's subsequently-filed claim and any testimony at Plaintiff's new hearing. Thus, it is clear that neither the Appeals Council's nor the district court's remand orders explicitly or implicitly required the ALJ to adopt the 2018 ALJ Decision's RFC.

In *Mendez*, the Eleventh Circuit rejected similar arguments as those raised by Plaintiff here. There, the court explained:

> The record demonstrates that in her previous appeal, Mendez argued only that the ALJ provided an incomplete hypothetical to the VE, which

---

[1] The Commissioner provided similar instructions and reasons for remand in the unopposed motion on which the district court based its remand. (Dkt. 21-1.) Specifically, the Commissioner moved to remand pursuant to 42 U.S.C. § 405(g) for the following reasons:
> On remand, the Commissioner will obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's ability to perform other work in the national economy; take any further action to complete the administrative record; to offer the claimant the opportunity for a hearing; and to issue a new decision.

(*Id.*)

is part of step five, so the remand order did not implicitly or explicitly adopt the prior RFC findings, which is part of step four. Additionally, because the 2013 decision was vacated by the Appeals Council, it no longer has any legal effect. *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (stating that vacated decisions "are officially gone" and "have no legal effect whatever"). Thus, the previous RFC finding did not bind the ALJ after remand. In issuing the 2017 decision, the ALJ complied with the relevant regulations regarding remand because the ALJ did not take any actions inconsistent with the remand order or the Appeals Council's order. The Appeals Council ordered the ALJ to allow Mendez to have another hearing and submit new evidence, which the ALJ did. Neither the remand order nor the Appeals Council's order prohibited the ALJ from revisiting the prior findings, so the fact that the ALJ did so is not inconsistent with those orders.

2021 WL 3163765, at *3.

Similarly, here, the Appeals Council remanded upon a finding that the ALJ had failed to reconcile inconsistencies in the VE's testimony, and that the "step five finding is not supported by substantial evidence." (Tr. 498.) The Appeals Council's remand order did not "implicitly or explicitly adopt the prior RFC findings, which is part of step four." *Mendez*, 2021 WL 3163765, at *3. Indeed, the error made by the ALJ in failing to reconcile inconsistencies in the VE's testimony at step five was "independent" of any determination of the Plaintiff's RFC at step four, and was thus not addressed by necessary implication in the Appeals Council's remand order. *See Alicea*, 855 F. App'x at 497 (finding remand order's finding that it could not determine whether previous decision was supported by substantial evidence was "independent" from limitations in RFC and thus consistent with RFC limitations as found in subsequent ALJ decision); *Zuniga*, 772 F. App'x at 871 ("the ALJ was not required to abide by [] prior RFC finding on remand" because the vacated prior decision was

- 17 -

"stripped of its binding effect"). This same error at step five provided the basis on which the district court issued its remand order. *See* (Dkt. 21-1.) Thus, nothing in the Appeals Council's or the district court's orders "prohibited the ALJ from revisiting the prior findings, so the fact that the ALJ did so is not inconsistent with those orders." *Mendez*, 2021 WL 3163765, at *3.

In short, the law-of-the-case doctrine did not bind the ALJ in issuing the 2020 ALJ Decision to accept the RFC findings in the 2018 ALJ Decision, because the 2018 ALJ Decision was vacated by the Appeals Court, and there was therefore no law-of-the-case on which to bind the ALJ. *See Zuriga*, 772 F. App'x at 871; *Maxwell*, 778 F. App'x at 803. Further, the ALJ did not violate the mandate rule by reconsidering the Plaintiff's RFC in the 2020 ALJ Decision because neither the district court's nor the Appeals Council's orders remanding the 2018 ALJ Decision explicitly or implicitly decided issues regarding the 2018 ALJ Decision's RFC determination or precluded that reconsideration. *See Mendez*, 2021 WL 3163765, at *3; *Alicea*, 855 F. App'x at 497.

The court does not address Plaintiff's "anticipat[ory]" argument that any error was harmless (Dkt. 21 at 10) because the Commissioner has not advanced that argument (Dkt. 22 at 9–10). Nevertheless, as detailed above, the court does not find any error. Further, Plaintiff does not contend that the 2020 ALJ Decision is not

supported by substantial evidence.[2]  Therefore, the court finds that the Commissioner's decision must be affirmed.  *See Maxwell*, 778 F. App'x at 803.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on August 8, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[2] Plaintiff admits that "[s]tanding alone," the 2020 ALJ Decision "may be supported by [] substantial evidence" and "two reasonable [ALJs] could have arrived at different conclusions as to [Plaintiff's RFC] since February 1, 2016."  (Dkt. 21 at 9.)